(No. 4358-)

MARTIN JACKSON PORTER AND LILLIAN STROUP, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1951.*
*Petition of Claimants for rehearing denied November 13, 1951.*

MANUEL M. WISEMAN, Attorney for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

On October 20, 1950, the complaint herein was filed by Anna Porter, next friend of claimant, Martin Jackson Porter, owner of a 1940 Packard Sedan. Mr. Porter was driving on Highway No. 48, south of Taylorville, Illinois. His car collided with a truck owned by the respondent, and operated by the Department of Public Works and Buildings of the Division of Highways of the State of Illinois.

At about 7:30 P.M. on the evening of March 12, 1950 the claimant came to a slight curve, and met a car going in the opposite direction. Both cars dimmed their lights, and claimant let up on the gas of his car. The lights on the approaching car affected his visibility,

and, after the car passed, he saw a black object on the highway, which proved to be a truck belonging to the respondent.

He was about twenty feet from the truck. In order to avoid colliding with the truck, claimant swerved his car to the left, but on account of snow and ice on the highway, he could not stop. His car struck the truck on the left rear side, causing a total damage in the amount of $250.00. Claimant also alleges he suffered extensive injuries, for which he claims $3,000.00.

Claimant, Lillian Stroup, a sister of Martin Jackson Porter, who was riding in the front seat of the automobile, has also joined in this cause of action, alleging that she also suffered extensive injuries, for which she claims $3,000.00.

The record consists of the complaint, motion of respondent for an extension of time to file pleadings, order of Chief Justice granting respondent an extension of time in which to file pleadings, claimants' amended complaint, transcript of evidence, motion of claimants for leave to waive filing of abstract of evidence, and claimants' statement, brief and argument.

Respondent's truck was scattering cinders on the slippery pavement at the time of the accident. Mr. Lawrence D. Wells was driving the truck at a slow rate of speed, and Mr. Allie Durbin was in the dump bed scattering the cinders.

In this complaint claimants allege that the negligence of respondent in failing to display signal lights, and failure to place signal lights around the truck were the proximate causes of the accident. At the hearing before our Commissioner, Frank Summers, claimants testified that the truck was parked on the right lane of the two lane pavement without lights. The employees

of respondent testified that all of the lights on the truck were burning at the time of the impact, and that a blinker light in the center of the cab on top of the truck, which is visible from both directions, was also operating at the time.

The record shows that claimants were involved in a prior accident earlier in the evening at Taylorville, Illinois, and both of respondent's employees testified that they saw claimants' car approaching, and that only one head light was burning immediately before the accident.

Although the record shows that claimants have sustained painful and serious injuries, and the loss of the automobile in question, to recover, claimants are required to prove negligence of the respondent. The evidence is to the contrary. The record fails to show that claimants were free from contributory negligence, and that respondent did not exercise due care and caution in the maintenance of the highway.

For the reasons stated, an award is denied.